UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA MAYS,

        Plaintiff,

v.                                                      Case No. 25-cv-12409
                                                        Honorable Linda V. Parker

STATE OF MICHIGAN
GOVERNOR GRETCHEN WHITMER,

        Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

On August 4, 2025, Plaintiff filed this pro se lawsuit against Michigan

Governor Gretchen Whitmer (ECF No. 1) and an application to procced in forma

pauperis (ECF No. 2). The Court is granting Plaintiff's application to proceed IFP.

However, the Complaint is subject to summary dismissal pursuant to 28 U.S.C.

§ 1915(e)(2). Therefore, the Court is summarily dismissing the Complaint.

District courts are required by statute to dismiss an action filed IFP if the

complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant immune from such relief. 28

U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th

Cir. 2007). A complaint is frivolous if "it lacks an arguable basis either in law or in

fact" or describes "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A plaintiff must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, even under this liberal standard, Plaintiff's Complaint is subject to summary dismissal.

In her Complaint, Plaintiff describes alleged misconduct by several private entities (Buffalo Wild Wings, Parkway Village Mobile Home Community LLC, Universal Utilities, Inc., and Capital One) and abuses by those entities and judicial officers in court proceedings.  (*See generally* ECF No. 1.)  Plaintiff states that she contacted Governor Whitmer to complain about these misdeeds, but the issues have not been resolved.  That is the only assertion regarding Governor Whitmer in the Complaint.  Plaintiff seeks only monetary damages against Governor Whitmer.

Governor Whitmer is entitled to Eleventh Amendment immunity to the extent sued in her official capacity for monetary damages. *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 733-34 (6th Cir. 2022) (citing *Kentucky v. Graham*, 473

U.S. 159, 169 (1985)).  To hold Governor Whitmer personally liable for any alleged misconduct, Plaintiff must allege facts establishing her personal involvement in the alleged misconduct as vicarious liability does not apply.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("A plaintiff must plead each Government-official defendant, through the official's own individual actions, has violated the Constitution.")  Governor Whitmer is not liable for the conduct of the private entities discussed in Plaintiff's Complaint.  Nor can she be held liable for failing to respond to or investigate Plaintiff's communications regarding the alleged misconduct of state judges.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Iqbal*, 556 U.S. at 676; *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed IFP (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that any appeal of this decision could not be taken in good faith and, therefore, leave to proceed IFP on any appeal is **DENIED**.

28 U.S.C. § 1915(a)(3).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 6, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 6, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager